USDC SCAN INDEX SHEET

















SUI  7/19/04 10:26

3:04-CR-01765  USA V. KASPER

*1*

*CRINDI.*

SECRET
Unsealed
7-22-04



FILED

04 JUL 16 PM 4: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2003 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JOSEPH S. KASPER (1),<br>THOMAS C. KASPER (2),<br>BETH E. BADRAK (3),<br>ELAINE A. VILLALOBOS (4),<br>INTERNATIONAL FINE CHEMICAL<br>   AND SUPPLY, INC.<br>     dba OMEGA FINE CHEMICALS (5),<br>SOURCE MANAGEMENT<br>   INTERNATIONAL, INC. (6),<br><br>      Defendants. | Criminal Case No. '04 CR 1765 WQH<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 846 and 841(a)(1) -<br>Conspiracy to Distribute Controlled Substance<br>Analogues; Title 21, U.S.C., Secs. 841(a)(1) and<br>(b)(1)(C) - Distribution of Controlled Substance<br>Analogues; Title 21, U.S.C., Sec. 859 -<br>Distribution of Controlled Substance Analogues to<br>Person Under 21 Years of Age; Title 18, U.S.C.,<br>Sec. 2 - Aiding and Abetting; Title 18, U.S.C.,<br>Secs. 1956(h) and 1956(a)(1)(A)(i) - Conspiracy to<br>Launder Money; Title 21, U.S.C., Sec. 853(a),<br>Title 18, U.S.C., Sec. 982, and Title 21, U.S.C.,<br>Sec. 853(p) - Criminal Forfeiture |

The grand jury charges:

<u>Count 1</u>

INTRODUCTORY ALLEGATIONS

1.    At various times material to this Indictment, defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS maintained and operated an internet business website named OMEGA FINE CHEMICALS.

2.    At various times material to this Indictment, defendants JOSEPH S. KASPER and BETH E. BADRAK utilized INTERNATIONAL FINE CHEMICAL AND SUPPLY, a Nevada corporation, in conducting OMEGA'S business activities.

TDC:nlv:San Diego
7/15/04

3.     At various times material to this Indictment, defendant INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC. was doing business as OMEGA FINE CHEMICALS, an internet company engaged in the sale of various chemicals, including controlled substance analogues.

4.     Also material to this Indictment is that defendant JOSEPH S. KASPER is the brother of defendant THOMAS C. KASPER, and defendant BETH E. BADRAK is the wife of defendant THOMAS C. KASPER.

5.     At various times material to this Indictment, defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS managed and directed OMEGA's internet chemical sales, including the sale of controlled substance analogues, from Suite 201, located at 2400 Professional Parkway, Santa Maria, California.

6.     At various times material to this Indictment, OMEGA's website provided customers with payment options, including the use of Paypal, an online internet payment service, money orders, and payment by credit card through Merchant Cardservices International.

7.     At various times material to this Indictment, defendants JOSEPH S. KASPER and THOMAS C. KASPER communicated via email with each other, with customers and with foreign chemical companies, about the purchase of various chemicals, including controlled substance analogues.

8.     At various times material to this Indictment, defendants JOSEPH S. KASPER and BETH E. BADRAK utilized SOURCE MANAGEMENT INTERNATIONAL, INC., a California corporation, in conducting OMEGA'S business activities.

9.     At various times material to this Indictment, defendants JOSEPH S. KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS directed the movement of funds by check, wire transfer and deposit between OMEGA's INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC. corporate account in Las Vegas, Nevada, and OMEGA's SOURCE MANAGEMENT INTERNATIONAL, INC. corporate account in Santa Maria, California.

10.    At various times material to this Indictment, defendants JOSEPH S. KASPER and BETH E. BADRAK, on behalf of OMEGA, entered into a contract with LTK Research Products, an internet chemical supply business, to supply LTK Research Products with various chemicals, including controlled substance analogues in exchange for a percentage of LTK Research Products sale proceeds.

2

1         CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE ANALOGUES

2         Beginning on or about September 2001, and continuing up to and including the date of this

3 indictment, within the Southern District of California, and elsewhere, defendants JOSEPH S. KASPER,

4 THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS, INTERNATIONAL FINE

5 CHEMICAL AND SUPPLY, INC., dba OMEGA FINE CHEMICALS, and defendant SOURCE

6 MANAGEMENT INTERNATIONAL, INC. did knowingly and intentionally conspire together and with

7 each other and with other persons known and unknown to the grand jury to distribute more than

8 1,250 grams of controlled substance analogues, to wit: 20 grams of N,N-Diisopropyltryptamine HCL

9 (DIPT); 56 grams of N,N-Dipropyltryptamine hydrochloride (DPT); 965 grams of 5-Methoxy-alpha-

10 methyltryptamine HCL (5-MeO-AMT); 250 grams of N,N-Methylisopropyltryptamine (MIPT);

11 250 grams of 5-Methoxy, N,N-Methylisopropyltryptamine (5-MeO-MIPT), all controlled substance

12 analogues as defined in Title 21,United States Code, Section 802(32)(A), with the intent for human

13 consumption as stated in Title 21,United States Code, Section 813; all in violation of Title 21, United

14 States Code, Sections 846 and 841(a)(1) and (b)(1)(C).

15         In furtherance of said conspiracy and to effect the object thereof, the following overt acts, among

16 others, were committed within the Southern District of California, and elsewhere:

17                            OVERT ACTS

18    1.     On or about July 15, 2002, in Santa Barbara County, California, defendant JOSEPH S.

19            KASPER established account #604 with Shanji.com, which included the following

20            domain names: omegafinechemicals.com;internationalfinechems.com;

21            internationalfinechemicals.com;omegafine.com; fineorganicchemicals.com;

22            joekasper.com; and tomkasper.com.

23    2.     On or about July 24, 2002, in Las Vegas, Nevada, defendants JOSEPH S. KASPER and

24            BETH E. BADRAK incorporated INTERNATIONAL FINE CHEMICAL AND

25            SUPPLY, INC. with a corporate address of 1555 E. Flamingo Road, Suite 155,

26            Las Vegas, Nevada.

27    3.     On or about September 18, 2002, in Santa Fe, New Mexico, defendant BETH E.

28            BADRAK rented mailbox B228, located at 1704 Llano Street, Santa Fe, New Mexico,

listing the applicant corporation as INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC., and directing that all mail received at the B228 mailbox be forwarded to a Santa Barbara, California mailbox.

4.   On or about September 26, 2002, in Las Vegas, Nevada, defendants JOSEPH S. KASPER and BETH E. BADRAK opened a Nevada State Bank account in the name of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC., listing an address of 1555 E. Flamingo Road, Suite 155, Las Vegas, Nevada.

5.   On or about September 19, 2002, in Simi Valley, California, defendant BETH E. BADRAK opened an account with Merchant Cardservices International, Inc. for INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC., dba OMEGA FINE CHEMICALS, with a business address of Suite B228, 1704 Llano Street, Santa Fe, New Mexico.

6.   On or about September 19, 2002, in Simi Valley, California, defendant BETH E. BADRAK directed that all proceeds generated from customers using Merchant Cardservices International, Inc. be deposited into the corporate account of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.

7.   On or about October 3, 2002, in Clark County, Nevada, defendant JOSEPH S. KASPER rented mailbox #738 in the names of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC. and OMEGA FINE CHEMICALS, listing a business location of 3540 Sahara Ave, Las Vegas, Nevada.

8.   On or about October 3, 2002, in Clark County, Nevada, defendant JOSEPH S. KASPER directed that all mail received at mailbox #738 be forwarded to JOSEPH S. KASPER, Suite 201, 2400 Professional Parkway, Santa Maria, California.

9.   On or about November 1, 2002, in Santa Barbara County, California, defendant JOSEPH S. KASPER opened an account with Paypal in the name of OMEGA FINE CHEMICALS, listing the following three addresses for OMEGA:   Suite B228, 1704 Llano Street, Santa Fe, New Mexico; Suite 155, 1555 E. Flamingo Road, Las Vegas, Nevada; and Suite 201, 2400 Professional Parkway, Santa Maria, California.

4

10.    On or about November 1, 2002, in Santa Barbara County, California, defendant JOSEPH S. KASPER, as part of the Paypal application, directed that all proceeds generated from OMEGA's use of Paypal services be deposited directly into the corporate account of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.

11.    On or about December 1, 2002, a customer in San Diego, California, placed an internet order, on the OMEGA website, for the purchase of 1 gram of 5-MeO-DIPT, a controlled substance analogue.

12.    On or about December 17, 2002, in Santa Barbara County, California, defendant JOSEPH S. KASPER opened a Federal Express account in the name of OMEGA FINE CHEMICALS, Suite B228, 1704 Llano Street, Santa Fe, New Mexico.

13.    On or about January 31, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER deposited a check in the amount of $5,000 into the corporate account of SOURCE MANAGEMENT INTERNATIONAL, Inc., in Santa Maria, California, the check having been drawn on the corporate account of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.

14.    On or about January 31, 2003 in Las Vegas, Nevada, defendant JOSEPH S. KASPER wrote a check in the amount of $4,743.21, drawn on the corporate account of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC., and made payable to Daniels Fine Chemicals, Ltd., a chemical supply company, located in Edmonton Alberta, Canada.

15.    On or about February 4, 2003, a customer in San Diego, California, placed an internet order, on the OMEGA website, for the purchase of 1 gram of 5-MeO-DIPT, a controlled substance analogue.

16.    On or about February 7, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER deposited a check in the amount of $10,000, into the corporate account of SOURCE MANAGEMENT INTERNATIONAL, INC., in Santa Maria, California, the check having been drawn on the corporate account of INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.

5

17.    On or about February 11, 2003, a customer in San Diego, California, placed an internet order, on the OMEGA website, for the purchase of 6 grams of 5-MeO-DIPT, a controlled substance analogue.

18.    On or about February 20, 2003, in San Diego, California, an employee at OMEGA FINE CHEMICALS processed a website internet order placed by Enoch Simpson, charged elsewhere for the purchase of controlled substance analogues.

19.    On or about February 27, 2003, a customer in San Diego, California, placed an internet order, on the OMEGA website, for the purchase of 1 gram of 5-MeO-DIPT, 1 gram of DIPT, and 1 gram of AMT, a controlled substance analogue.

20.    In early March 2003, in Santa Fe, New Mexico, defendants JOSEPH S. KASPER and BETH E. BADRAK hired an individual, to distribute OMEGA's chemicals, including controlled substance analogues, to its U.S. and international customers.

21.    On or about March 4, 2003, a customer in San Diego, California, placed an internet order, on the OMEGA website, for the purchase of 1 gram of AMT, 1 gram 5-MeO-DIPT and 1 gram of DPT, controlled substance analogues.

22.    On or about March 12, 2003, a customer in San Diego, California, placed an internet order, on the OMEGA website, for the purchase of 2 grams of 5-MeO-DIPT, a controlled substance analogue.

23.    On or about March 16, 2003, in Santa Fe, New Mexico, defendant BETH E. BADRAK met with the individual hired in Santa Fe, New Mexico, in order to assist him in setting up a satellite distribution location from which OMEGA shipped to its customers.

24.    Between March 16, 2003, and May 20, 2003, in Santa Fe, New Mexico, the individual hired in Santa Fe, New Mexico, received faxes and chemicals from OMEGA and thereafter packaged and shipped the chemicals, including controlled substance analogues, using OMEGA's FEDEX account to OMEGA's U.S. and international customers.

25.    On or about March 7, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER deposited a check in the amount of $50,000 into the corporate account of SOURCE MANAGEMENT INTERNATIONAL, INC., in Santa Maria, California, the

1  check having been drawn on the corporate account of INTERNATIONAL FINE
2  CHEMICAL AND SUPPLY, INC.

3  26.  On or about March 13, 2003, in San Diego, California, defendant OMEGA FINE
4  CHEMICALS distributed a controlled substance analogue, that is, 1 gram of 5-Methoxy-
5  alpha-Methyltryptamine HCL (5-MeO-AMT), to DEA Special Agent Sondra Hester, who
6  was acting in an undercover capacity.

7  27.  On or about April 10, 2003, in San Diego, California, defendant OMEGA FINE
8  CHEMICALS distributed controlled substance analogues, that is, three grams of 5-
9  Methoxy-alpha-methyltryptamine HCL (5-MeO-AMT); two grams of N,N-
10  Diisopropyltryptamine HCL (DIPT); and two grams of N,N-Dipropyltryptamine
11  hydrochloride (DPT), to DEA Special Agent Sondra Hester, who was acting in an
12  undercover capacity.

13  28.  On or about May 20, 2003, defendants JOSEPH S. KASPER and BETH E. BADRAK
14  agreed with LTK Research Products, located in Minot, North Dakota, that LTK Research
15  Products would also distribute OMEGA's products, including controlled substance
16  analogues, to OMEGA's customers.

17  29.  On or about April 27, 2003, in Santa Barbara County, California, defendant THOMAS C.
18  KASPER directed his brother, defendant JOSEPH S. KASPER, to contact a chemical
19  supplier in China about synthesizing various chemicals for OMEGA.

20  30.  On or about April 29, 2003, in Santa Barbara County, California, defendant THOMAS C.
21  KASPER directed his brother, defendant JOSEPH S. KASPER, to set up an account with
22  a chemical supply company to purchase various chemicals for distribution by OMEGA.

23  31.  On or about June 2, 2003, in Santa Barbara County, California, defendant JOSEPH S.
24  KASPER contacted OMEGA's source of supply in China regarding the future purchase
25  of a large quantity of tryptamines.

26  32.  On or about July 1, 2003, in Santa Barbara County, California, defendant JOSEPH S.
27  KASPER directed OMEGA's website manager to make changes to OMEGA's website
28  by adding several analogue tryptamines to OMEGA's product list.

33. On or about July 2, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER negotiated with the owner of RAC Research Products, a New York-based internet chemical supply company, about selling RAC large quantities of tryptamine chemicals.

34. On or about July 2, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER communicated with OMEGA's source of supply in China concerning the purchase and delivery of 60 grams of N,N-Methylisopropyltryptamine (MIPT), and 29 grams of 5-Methoxy-N,N-Methylisopropyltryptamine (5-MeO-MIPT), both controlled substance analogues.

35. On or about July 7, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER communicated with OMEGA's source of supply in China concerning various methods that could be used to avoid U.S. Customs scrutiny, such as false labeling or labeling chemicals as free samples.

36. On or about July 7, 2003, in Santa Barbara County, California, defendant BETH E. BADRAK directed defendants JOSEPH S. KASPER and ELAINE E. VILLALOBOS to ship 20 grams of 5-Nethoxy-Alpha-Methyltryptamine (5-MeO-AMT), a controlled substance analogue to LTK Research Products, in Minot, North Dakota.

37. On or about July 22, 2003, in Santa Barbara County, California, defendant JOSEPH S. KASPER directed defendant ELAINE VILLALOBOS to contact Federal Express about the cost of shipping a package to Hungary.

38. On or about July 27, 2003, in Santa Barbara County, California, defendant THOMAS KASPER contacted his brother, defendant JOSEPH S. KASPER, and directed him to order and add certain chemicals to OMEGA's inventory.

39. On or about August 5, 2003, in Santa Barbara County, defendant JOSEPH S. KASPER communicated with the owner of RAC Research Products and discussed RAC's sales of various controlled substance analogues.

40. Between December 17, 2002, and October 29, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER directed or arranged for twenty one (21) wire transfers totaling

8

1    approximately $188,980 from INTERNATIONAL FINE CHEMICAL AND SUPPLY,

2    INC.'s corporate account to the China bank account of Nanchang Kinghao International,

3    a chemical supply company, located in Nanchung, China.

4    41.    Between March 18, 2003, and October 7, 2003, in Las Vegas, Nevada, defendant

5    JOSEPH S. KASPER directed or arranged for ten (10) wire transfers totaling

6    approximately $39,461 from INTERNATIONAL FINE CHEMICAL AND SUPPLY,

7    INC.'s corporate account to the Syndicate bank account of Enzal Chemicals Ltd., a

8    chemical supply company, located in Mumbai, India.

9    42.    Between January 11, 2002, and August 21, 2003, in Santa Barbara County, California,

10    checks and wire transfers totaling $39,024 from LTK Research Products were deposited

11    into SOURCE MANAGEMENT INTERNATIONAL, INC.'s corporate account,

12    representing OMEGA's percentage of chemicals, including controlled substance

13    analogues, sold by LTK Research Products.

14    43.    Between January 31, 2002, and February 25, 2004, in Santa Barbara County, California,

15    checks totaling approximately $209,998.65 written by defendant JOSEPH S. KASPER,

16    drawn on INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.'s corporate

17    account, made payable to SOURCE MANAGEMENT INTERNATIONAL,INC.(SMI),

18    and were thereafter deposited into SOURCE MANAGEMENT INTERNATIONAL,

19    INC.'s corporate account in Santa Maria, California.

20    44.    Between July 22, 2002, and December 13, 2002, in Santa Barbara, California, defendant

21    JOSEPH S. KASPER directed three (3) wire transfers totaling approximately $17,145.06

22    from SOURCE MANAGEMENT INTERNATIONAL, INC.'s corporate account to the

23    Syndicate bank account of Enzal Chemicals Ltd., a chemical supply company, located

24    in Mumbai, India.

25    45.    Between October 3, 2002, and November 12, 2002, in Santa Barbara, California,

26    defendant JOSEPH S. KASPER directed three (3) wire transfers totaling approximately

27    $18,750 from SOURCE MANAGEMENT INTERNATIONAL, INC.'s corporate

28

1  account to the China bank account of Nanchang Kinghao International, a chemical supply
2  company, located in Nanchung, China.
3  46.  Between January 2002 and February 2004, in Santa Barbara County, California,
4  INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC., dba OMEGA FINE
5  CHEMICALS, paid Federal Express approximately $94,000 for services rendered.
6  47.  On or about June 9, 2004, in San Diego, California, defendant OMEGA FINE
7  CHEMICALS distributed two grams quantities of N,N-Diisopropyltryptamine HCL
8  (DIPT), two grams quantities of N,N-Dipropyltryptamine hydrochloride (DPT), and one
9  gram of 5-Methoxy,-N,N-Methylisopropyltryptamine (5-MeO-MIPT), controlled
10  substance analogues, to DEA Special Agent Sondra Hester, who was acting in an
11  undercover capacity.
12  All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C).
13  Count 2
14  DISTRIBUTION OF CONTROLLED SUBSTANCE ANALOGUES
15  On or about February 20, 2003, within the Southern District of California and elsewhere,
16  defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A.
17  VILLALOBOS and OMEGA FINE CHEMICALS, did knowingly and intentionally distribute one gram
18  of N,N-Diisopropyltryptamine HCL (DIPT), and one gram of N,N-Dipropyltryptamine hydrochloride
19  (DPT), which are controlled substance analogues as defined in Title 21, United States Code,
20  Section 802(32)(A), intending it for human consumption as stated in Title 21, United States Code,
21  Section 813; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States
22  Code, Section 2.
23  Count 3
24  DISTRIBUTION OF CONTROLLED SUBSTANCE ANALOGUES
25  On or about March 13, 2003, within the Southern District of California and elsewhere,
26  defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A.
27  VILLALOBOS and OMEGA FINE CHEMICALS, did knowingly and intentionally distribute two grams
28  of DL-alpha-Methyltryptamine (AMT), two grams of N,N-Diisopropyl-5-methoxytryptamine HCL (5-

10

1  MeO-DIPT), and one gram of 5-Methoxy-alpha-Methyltryptamine HCL (5-MeO-AMT), which are

2  controlled substance analogues as defined in Title 21, United States Code, Section 802(32)(A), intending

3  it for human consumption as stated in Title 21, United States Code, Section 813; in violation of Title 21,

4  United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

5                                              Count 4

6                      DISTRIBUTION OF CONTROLLED SUBSTANCE ANALOGUES

7          On or about March 20, 2003, within the Southern District of California and elsewhere,

8  defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A.

9  VILLALOBOS and OMEGA FINE CHEMICALS, did knowingly and intentionally distribute one gram

10  of DL-alpha-Methyltryptamine (AMT) and one gram of N,N-Diisopropyl-5-methoxytryptamine HCL

11  (5-MeO-DIPT), which are controlled substance analogues as defined in Title 21, United States Code,

12  Section 802(32)(A), intending it for human consumption as stated in Title 21, United States Code,

13  Section 813; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18,

14  United States Code, Section 2.

15                                             Count 5

16                      DISTRIBUTION OF CONTROLLED SUBSTANCE ANALOGUES

17         On or about April 10, 2003, within the Southern District of California and elsewhere, defendants

18  JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS and

19  OMEGA FINE CHEMICALS, did knowingly and intentionally distribute three grams of 5-Methoxy-

20  alpha-methyltryptamine HCL (5-MeO-AMT), two grams of N,N-Diisopropyltryptamine HCL (DIPT),

21  and two grams of N,N-Dipropyltryptamine hydrochloride (DPT), which are controlled substance

22  analogues as defined in Title 21, United States Code, Section 802(32)(A), intending it for human

23  consumption as stated in Title 21, United States Code, Section 813; in violation of Title 21, United

24  States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

25  //

26  //

27  //

28  //

1

Count 6

2

DISTRIBUTION OF CONTROLLED SUBSTANCE ANALOGUES

3
4
5
6
7
8
9
10
11

On or about September 12, 2003, within the Southern District of California and elsewhere, defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS and OMEGA FINE CHEMICALS, did knowingly and intentionally distribute one gram of 5-Methoxy-alpha-methyltryptamine HCL (5-MeO-AMT), two grams of N,N-Methylisopropyltryptamine (MIPT), and two grams of 5-Methoxy, N,N-Methylisopropyltryptamine (5-MeO-MIPT), which are controlled substance analogues as defined in Title 21, United States Code, Section 802(32)(A), intending it for human consumption as stated in Title 21, United States Code, Section 813; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

12

Count 7

13

DISTRIBUTION OF CONTROLLED SUBSTANCE ANALOGUES

14
15
16
17
18
19
20
21

On or about June 9, 2004, within the Southern District of California and elsewhere, defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS and OMEGA FINE CHEMICALS, did knowingly and intentionally distribute two gram quantities of N,N-Diisopropytryptamine HCL (DIPT), two gram quantities of N,N-Dipropyltryptamine hydrochloride (DPT), and one gram of 5-Methoxy-N,N-Methylisopropyltryptamine (5-MeO-MIPT), which are controlled substance analogues as defined in Title 21, United States Code, Section 802(32)(A), intending it for human consumption as stated in Title 21, United States Code, Section 813; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

22

Count 8

23
24

DISTRIBUTION OF A CONTROLLED SUBSTANCE ANALOGUE<br>TO A PERSON UNDER TWENTY ONE YEARS OF AGE

25
26
27
28

In early March, 2003, within the Southern District of California and elsewhere, defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS and OMEGA FINE CHEMICALS, did knowingly and intentionally distribute one gram of DL-alpha-methyltryptamine (AMT), one gram of N,N-Diisopropyl-5-Methoxytryptamine HCL (5-MeO-DIPT),

12

1  and one gram of N,N-Diisopropyltryptamine HCL (DIPT), which are controlled substance analogues as

2  defined in Title 21, United States Code, Section 802(32)(A), intending it for human consumption as

3  stated in Title 21, United States Code, Section 813; to a person with a birth date of November 20, 1982,

4  and the initials of AMO, a person under 21 years of age, in violation of Title 21, United States Code,

5  Sections 859 and 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

6                                        Count 9

7              DISTRIBUTION OF A CONTROLLED SUBSTANCE ANALOGUE
             TO A PERSON UNDER TWENTY ONE YEARS OF AGE
8

9          On or about March 4, 2003, within the Southern District of California and elsewhere, defendants

10  JOSEPH S. KASPER, THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS and

11  OMEGA FINE CHEMICALS, did knowingly and intentionally distribute one gram of DL-alpha-

12  methyltryptamine (AMT), and one gram of N,N-Diisopropyl-5-Methoxytryptamine HCL (5-MeO-DIPT),

13  controlled substance analogues as defined in Title 21, United States Code, Section 802(32)(A), intending

14  it for human consumption as stated in 21 United States Code, Section 813; to a person with a birth date

15  of December 17, 1984, and the initials of TAX, a person under 21 years of age, in violation of Title 21,

16  United States Code, Sections 859 and 841(a)(1) and (b)(1)(C), and Title 18, United States Code,

17  Section 2.

18                                       Count 10

19                            INTRODUCTORY ALLEGATIONS

20          Paragraphs 1 through 10 of the introductory allegations as set forth in Count 1 of this indictment

21  are realleged and hereby incorporated by reference in Count 9 as though fully set forth herein.

22                     MANNER AND MEANS OF THE CONSPIRACY

23          1.      It was a part of the conspiracy that on July 15, 2002, defendant JOSEPH S. KASPER did

24  purchase the domain name for OMEGA FINE CHEMICALS, in order to create an internet website for

25  OMEGA, an internet business engaged in the selling of chemicals, including controlled substance

26  analogues.

27          2.      It was a part of the conspiracy that by late 2002, defendants JOSEPH S. KASPER,

28  THOMAS C. KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS established various links

                                           13

1   to the OMEGA website thereby providing customers with contact information, product lists, price lists,

2   research links, payment options, shipping options, and operating hours.

3       3.    It was a part of the conspiracy that defendants JOSEPH S. KASPER, THOMAS C.

4   KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS posted information on the OMEGA

5   website about when certain chemical compounds would become scheduled controlled substances and

6   encouraged customers to purchase these analogues from OMEGA's diminishing inventory.

7       4.    It was a part of the conspiracy that defendants JOSEPH S. KASPER, THOMAS C.

8   KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS maintained corporate bank accounts

9   at SOURCE MANAGEMENT INTERNATIONAL, INC. and INTERNATIONAL FINE CHEMICAL

10   AND SUPPLY, INC. to pay foreign chemical supply companies, to disguise the movement of

11   OMEGA's drug proceeds, and to support and promote OMEGA FINE CHEMICALS' drug trafficking

12   activities.

13       5.    It was a part of the conspiracy that defendants JOSEPH S. KASPER, THOMAS C.

14   KASPER, BETH E. BADRAK, and ELAINE A. VILLALOBOS participated in the transfer of proceeds

15   from the sale of controlled substance analogues, by utilizing Paypal services and Merchant Cardservices

16   which at the direction of defendants, transferred these proceeds into corporate accounts outside the

17   Southern District of California.

18       6.    It was a part of the conspiracy that defendants JOSEPH S. KASPER, THOMAS C.

19   KASPER, BETH E. BADRAK and ELAINE A. VILLALOBOS arranged for and directed all proceeds

20   from the sale of OMEGA's chemicals, including controlled substance analogues, be deposited into

21   INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.'s corporate account at the Nevada State

22   Bank account, including payments received from Paypal, Merchant Cardservices International, money

23   orders and Western Union.

24       7.    It was a part of the conspiracy that defendants JOSEPH S. KASPER, BETH E. BADRAK

25   and ELAINE VILLALOBOS transferred the proceeds of OMEGA's internet chemical sales by issuing

26   checks drawn on the INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.'s corporate account

27   and thereafter depositing these drug proceeds into the SOURCE MANAGEMENT INTERNATIONAL,

28   INC. corporate account at First Bank and Trust in Santa Maria, California.

1

<u>CONSPIRACY TO LAUNDER MONEY</u>

2      Beginning on or about September 2001, and continuing up to and including the date of this

3 indictment, within the Southern District of California, and elsewhere, defendants JOSEPH S. KASPER,

4 THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS, INTERNATIONAL FINE

5 CHEMICAL AND SUPPLY, INC., dba as OMEGA FINE CHEMICALS, and defendant SOURCE

6 MANAGEMENT INTERNATIONAL, INC., did knowingly conspire together and with other persons

7 known and unknown to the grand jury, to conduct financial transactions, that is, the movement of funds

8 by check, wire transfer and bank deposit, in amounts totaling more than $1,000,000, affecting interstate

9 commerce, and knowing the transactions involved the proceeds of some form of unlawful activity and

10 with the intent to promote the carrying on of a specified unlawful activity; to wit, the distribution of

11 controlled substance analogues as defined in Title 21, United States Code, Section 802(32)(A), with the

12 intent for human consumption as stated in Title 21, United States Code, Section 813; in violation of

13 Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(i).

14      In furtherance of said conspiracy and to effect the object thereof, the following overt acts, among

15 others, were committed within the Southern District of California, and elsewhere:

16

<u>OVERT ACTS</u>

17   1.      On or about July 22, 2002, in Santa Maria, California, defendant JOSEPH S. KASPER

18          arranged for or directed others to arrange for a wire transfer of $8,380.00 from the Source

19          Management International Inc., account #9413900976, located at First Bank and Trust,

20          2027A South Broadway, Suite A, Santa Maria, California, to the bank account of Enzal

21          Chemicals Ltd, Syndicate Bank, located in Mumbai, India.

22   2.      On or about November 12, 2002, in Santa Maria, California, defendant JOSEPH S.

23          KASPER arranged for or directed others to arrange for a wire transfer of $10,550.00

24          from the Source Management International Inc., account #9413900976, located at First

25          Bank and Trust, 2027A South Broadway, Suite A, Santa Maria, California, to the bank

26          account of Nanchang Kinghao International, Bank of China, located in Nanchung, China.

27

28

15

3.      On or about December 1, 2002, a customer in San Diego, California, transferred money to OMEGA FINE CHEMICALS for the purchase of 1 gram of 5-MeO-DIPT, a controlled substance analogue

4.      On or about December 13, 2002, in Santa Maria, California, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $5,952.50, from the Source Management International Inc., account #9413900976, located at First Bank and Trust, 2027A South Broadway, Suite A, Santa Maria, California, to the bank account of Enzal Chemicals Ltd, Syndicate Bank, located in Mumbai, India.

5.      On or about February 4, 2003, a customer in San Diego, California, transferred money to OMEGA FINE CHEMICALS by utilizing Paypal services, for the purchase of 1 gram of 5-MeO-DIPT, controlled substance analogues.

6.      On or about February 11, 2003, a customer in San Diego, California, transferred money to OMEGA FINE CHEMICALS by utilizing Paypal services for the purchase of 6 grams of 5-MeO-DIPT, a controlled substance analogue.

7.      On or about February 27, 2003, a customer in San Diego, California, transferred money to OMEGA FINE CHEMICALS by utilizing Paypal services, for the purchase of 1 gram of 5-MeO-DIPT, 1 gram of DPT, and 1 gram of AMT, controlled substance analogues.

8.      On or about March 4, 2003, a customer in San Diego, California, transferred money to OMEGA FINE CHEMICALS by utilizing Paypal services, for the purchase of 1 gram of 5-MeO-DIPT, 1 gram of DPT, and 1 gram of AMT, controlled substance analogues.

9.      On or about March 12, 2003, a customer in San Diego, California, transferred money to OMEGA FINE CHEMICALS by utilizing Paypal services, for the purchase of 2 grams of 5-MeO-DIPT, a controlled substance analogue.

10.     On or about March 12, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $18,300.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of Nanchang Kinghao International, Bank of China, located in Nanchung, China.

16

11.     On or about June 20, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $3,250.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of Enzal Chemicals Ltd, Syndicate Bank, located in Mumbai, India.

12.     On or about June 22, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $14,630.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of Nanchang Kinghao International, Bank of China, located in Nanchung, China.

13.     On or about July 28, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $14,300.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of Enzal Chemicals Ltd, Syndicate Bank, located in Mumbai, India.

14.     On or about October 7, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $6,000.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of Enzal Chemicals Ltd, Syndicate Bank, located in Mumbai, India.

15.     On or about August 13, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $10,750.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of Nanchang Kinghao International, Bank of China, located in Nanchung, China.

16.     On or about September 18, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER arranged for or directed others to arrange for a wire transfer of $13,000.00 from the International Fine Chemical and Supply Inc., account #012095477, located at Nevada

17

1    State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of

2    Nanchang Kinghao International, Bank of China, located in Nanchung, China.

3    17.    On or about October 29, 2003, in Las Vegas, Nevada, defendant JOSEPH S. KASPER

4    arranged for or directed others to arrange for a wire transfer of $10,000.00 from the

5    International Fine Chemical and Supply Inc., account #012095477, located at Nevada

6    State Bank, 5373 South Arville Street, Las Vegas, Nevada, to the bank account of

7    Nanchang Kinghao International, Bank of China, located in Nanchung, China.

8    All in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(i).

9                          CRIMINAL FORFEITURE ALLEGATION

10        The allegations contained in Counts 1 through 10 are realleged and by their reference fully

11   incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the

12   provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2), and Title 18, United States

13   Code, Section 982.

14        1.    As a result of the commission of the felony offenses alleged in Counts 1 through 9, said

15   violations being punishable by imprisonment for more than one year, and pursuant to Title 21, United

16   States Code, Section 853(a)(1), defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E.

17   BADRAK, ELAINE A. VILLALOBOS, INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.,

18   dba as OMEGA FINE CHEMICALS, and defendant SOURCE MANAGEMENT INTERNATIONAL,

19   INC., shall, upon conviction, forfeit to the United States all rights, title and interest in any and all

20   property constituting, or derived from, proceeds the defendants obtained, obtained directly or indirectly

21   as a result of said violations, including, but not limited to:

22        a.    $750,000 which represents the proceeds generated from the defendants drug
           trafficking activities
23

24        b.    The First Bank and Trust account for Source Management International Inc.,
           account numbers #9413900976 and #9413901195, located at First Bank and
25           Trust, 2027A South Broadway, Suite A, Santa Maria, California, 93454, which
           represents the drug proceeds received by defendants JOSEPH S. KASPER,
26           THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS,
           INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC., dba as OMEGA
27           FINE CHEMICALS, and defendant SOURCE MANAGEMENT
           INTERNATIONAL, INC., between September 2001 and the date of this
28           indictment;

                                    18

1           c.     Nevada State Bank account for International Fine Chemicals and Supply Inc.,
account number 012095477, located at Nevada State Bank, 5373 South Arville
2               Street, Las Vegas, Nevada, 89118, which represents the drug proceeds received
by defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E.
3               BADRAK, ELAINE A. VILLALOBOS, INTERNATIONAL FINE CHEMICAL
AND SUPPLY, INC., dba as OMEGA FINE CHEMICALS, and defendant
4               SOURCE MANAGEMENT INTERNATIONAL, INC., between September 2001
and the date of this indictment;

5

6    All in violation of Title 21, United States Code, Section 853.

7         2.     As a result of the commission of the felony offenses alleged in Counts 1 through 9, said

8    violations being punishable by imprisonment for more than one year, and pursuant to Title 21, United

9    States Code, Section 853(a)(2), defendants JOSEPH S. KASPER, THOMAS C. KASPER, BETH E.

10    BADRAK, ELAINE A. VILLALOBOS, INTERNATIONAL FINE CHEMICAL AND SUPPLY, INC.,

11    dba as OMEGA FINE CHEMICALS, and defendant SOURCE MANAGEMENT INTERNATIONAL,

12    INC., shall, upon conviction, forfeit to the United States all rights, title and interest in any and all

13    property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission

14    of said violations, including, but not limited to:

15           a.     $750,000 which represents the proceeds used to facilitate the defendants' drug
trafficking activities.
16

17           b.     First Bank and Trust account for Source Management International Inc., account
numbers #9413900976 and #9413901195, located at First Bank and Trust, 2027A
South Broadway, Suite A, Santa Maria, California, 93454, between September
18                   2001 and the date of this indictment;

19           c.     Nevada State Bank account for International Fine Chemicals and Supply Inc.,
account number 012095477, located at Nevada State Bank, 5373 South Arville
20               Street, Las Vegas, Nevada, 89118, between September 2001 and the date of this
indictment;
21

22    All in violation of Title 21, United States Code, Section 853.

23         3.     As a result of the commission of the felony offense alleged in Count 10, that is, a

24    conspiracy to launder money, said violation being punishable by imprisonment for more than one year,

25    and pursuant to Title 18, United States Code, Section 982(a)(1), defendants JOSEPH S. KASPER,

26    THOMAS C. KASPER, BETH E. BADRAK, ELAINE A. VILLALOBOS, INTERNATIONAL FINE

27    CHEMICAL AND SUPPLY, INC., dba as OMEGA FINE CHEMICALS, and defendant SOURCE

28    MANAGEMENT INTERNATIONAL, INC., shall, upon conviction, forfeit to the United States all

1   rights, title and interest in any and all property involved in such offense, and any property traceable to

2   such property, including, but not limited to:

3           a.    $750,000 which represents the proceeds generated from the defendants drug trafficking activities and thereafter laundered through Omega's corporate bank

4                  accounts, that is, INTERNATIONAL FINE CHEMICALS AND SUPPLY, at Nevada State Bank and SOURCE MANAGEMENT INTERNATIONAL, at First

5                  Bank And Trust;

6           b.    The First Bank and Trust account for SOURCE MANAGEMENT INTERNATIONAL, INC. account numbers 9413900976 and 9413901195,

7                  located at First Bank and Trust, 2027A South Broadway, Suite A, Santa Maria, California, 93454;

8

9           c.    Nevada State Bank account for INTERNATIONAL FINE CHEMICALS AND SUPPLY, INC. account number 012095477, located at Nevada State Bank, 5373

10                  South Arville Street, Las Vegas, Nevada, 89118;

11   All in violation of Title 18, United States Code, Section 982.

12       4.    If any of the above-described forfeitable property, as a result of any act or omission of

13   the defendants -

14           (1)    cannot be located upon the exercise of due diligence;

15           (2)    has been transferred or sold to, or deposited with, a third person;

16           (3)    has been placed beyond the jurisdiction of the Court;

17           (4)    has been substantially diminished in value; or

18           (5)    has been commingled with other property which cannot be subdivided without

19                difficulty;

20   it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

21   Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants

22   up to the value of said property listed above as being subject to forfeiture.

23       DATED: July 16, 2004.

24

25                              A TRUE BILL:

26   CAROL C. LAM                         Foreperson
     United States Attorney

27

28   By:                      
       TIMOTHY D. COUGHLIN
       Assistant U.S. Attorney